UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY D. BRENNAN, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | Docket No. 05-123-P-S |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff has applied for an award of attorney fees and expenses totaling $23,148.18 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to her Social Security Disability ("SSD") appeal, she obtained a remand for further proceedings before the Social Security Administration. *See generally* Motion for Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act[,] 28 U.S.C.A. § 2412(d) ("Fee Motion") (Docket No. 36).

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1]

---

[1] The plaintiff has assigned any right she may have to receive attorney fees and expenses to her attorney, Remington O. Schmidt. *See* Plaintiff's Affidavit and Assignment of EAJA Fees, attached to Fee Motion.

The commissioner concedes that the plaintiff is a prevailing party entitled to an award of attorney fees and that the hourly rate charged ($156.79 per hour for 2005 and $160.25 for 2006) is reasonable for attorney time, but she contests payout of fees with respect to a number of specific services rendered, urging the court to shave $14,074.09 from the total sought and instead award $8,177.27. *See* Defendant's Partial Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Fee Opposition") (Docket No. 37) at 2-3, 8.[2] The commissioner seeks the bulk of these cuts on the ground that the plaintiff is entitled to no fee award whatsoever for work performed on her statement of errors or on motions other than those that ultimately prevailed. *See id.* at 4-6. In this, as explained below, she is wrong. Nonetheless, it is not the case, as the plaintiff suggests in her reply brief, that the commissioner's failure to contest specific investments of time as excessive insulates them from scrutiny. *See* Plaintiff's Reply to Defendant's Partial Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Fee Reply") (Docket No. 38) at 15 ("[T]he Defendant Commissioner has not objected to the length of time each task took, only to whether many tasks were reasonable under the circumstances, or in one case whether billed at a paralegal's rate. Thus the question is not whether a younger, brighter, and better looking lawyer (such as counsel for the Defendant) could have done the job faster. The question is whether each task was reasonable.") (emphasis in original).

As an initial matter, the commissioner does generally invoke the concept of "billing judgment" in contesting the fee award sought in this case. *See* Fee Opposition at 3; *see also, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (district court should exclude from fee-award calculation "hours

---

[2] The commissioner evidently inadvertently neglected to add in the plaintiff's requested $896.82 in expenses, which would bring the total award (minus the $14,074.09 the commissioner proposes be redacted) to $9,074.09. *See* Plaintiff's List of Attorney Hours and Expenses in Support of Her Motion for Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) ("Invoice"), attached to Fee Motion, at [5].

2

that were not reasonably expended. Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.") (citation and internal quotation marks omitted); *Rioux v. Barnhart,* 77 Soc. Sec. Rep. Serv. 642, 644 (D. Me. 2002) ("This court must determine whether the plaintiffs' counsel exercised billing judgment in submitting the fee application and whether the time charged was reasonably expended in advancing the clients' interests. Excessive, redundant or unnecessary hours must be excluded from a fee request.") (citations and internal quotation marks omitted). In any event, a court has an independent responsibility to ensure the reasonableness of a fee award. *See, e.g.*, 28 U.S.C. § 2412(b); *Hensley*, 461 U.S. at 433 (once plaintiff seeking attorney fees meets statutory threshold of being prevailing party, "[i]t remains for the district court to determine what fee is 'reasonable'"); *Lucas v. White*, 63 F. Supp.2d 1046, 1060 (N.D. Cal. 1999) ("While defendants have not objected to the number of hours expended on the fees matter, the Court has an independent obligation to ensure that the fee award is reasonable."). "The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Maine Dep't of Corr.*, 387 F.Supp.2d 57, 60 (D. Me. 2005).

I proceed to consider specific points raised by the commissioner (which she groups into challenges to blocks of time entries reflected in the Invoice) and then to discuss generally whether the overall award sought is excessive. While the majority of the commissioner's specific challenges miss the mark, I conclude that the fee award should be reduced substantially on the basis that the total number of hours invested in certain tasks is excessive.

### A. Commissioner's Specific Challenges

1.      <u>Entries of July 13-September 28, 2005 (totaling 1.1 hours)</u>.  *See* Invoice at [1].  The commissioner assails time spent by plaintiff's counsel at the outset of this case phoning the United States Attorney's Office and the Social Security Administration Office of the General Counsel as "clearly excessive as it is unnecessary to call either office to prepare a case for judicial review."  Fee Opposition at 3-4.  Nonetheless, as the plaintiff rejoins, it is entirely reasonable to phone those offices to determine which attorney will be handling a case, whether there is any prospect for a voluntary remand and when plaintiff's counsel can expect to receive the administrative record.  *See* Fee Reply at 3.  This plaint accordingly is not well-taken.

2.      <u>Entries of October 15-18, 2005 (totaling 5.5 hours)</u>.  *See* Invoice at [1].  The commissioner contests award of fees for 5.5 hours spent reviewing and making notes concerning the administrative record (referred to in the Invoice as the "United States District Court transcript").  *See id*; Fee Opposition at 4.  She posits that the review was redundant, and none of the time spent so engaged should be recompensed, inasmuch as the record was compiled from material presented during the administrative proceedings, and plaintiff's counsel represented her before the agency.  *See* Fee Opposition at 4.  The plaintiff protests that her counsel was not involved in her case from its inception but, rather, was retained only following a hearing before an administrative law judge.  *See* Fee Reply at 2.  In any event, she asserts, it is essential for a lawyer to study a case record thoroughly; among other things, she points out that her counsel observed that certain materials were missing from the record and prevailed on a motion to augment it.  *See id*. at 3; *see also* Report of Conference of Counsel and Order ("Report of Conference") (Docket No. 19) at 1.

While the plaintiff's counsel was not involved in her administrative case from its inception, he was retained prior to issuance of the administrative law judge's decision, *see* Fee Reply at 2, and

4

assumedly familiarized himself at that time with material presented during those proceedings. Nonetheless, the plaintiff is correct that there is no substitute for careful review by counsel of the official record transmitted to the court. Counsel should be prepared not only to call to the court's attention any omissions of material from that record (as did counsel in this case) but also to cite to the court, both in the required statement of errors and at oral argument, precise record pages supporting the arguments made. *See, e.g.*, Loc. R. 16.3(a)(2). Familiarity with the underlying materials concededly should speed the record-review process (I address below overall excessiveness of time billed); however, the commissioner's premise that the entire task is unnecessary is wrong.

       3.      <u>Entries of October 22-28, 2005 (totaling 6.5 hours); October 30-November 7, 2005 (totaling 37.4 hours); November 8-10, 2005 (totaling 13.5 hours)</u>. *See* Invoice at [1]-[2]. The plaintiff filed three separate motions for remand as well as a motion to augment the record and a statement of errors. *See* Motion To Augment Record ("Record Motion") (Docket No. 5); Motion for a Sentence Six Remand ("Sentence Six Motion") (Docket No. 6); Statement of Errors (Docket No. 8); Motion for Remand for Appeals Council Errors of Law ("Appeals Council Motion") (Docket No. 9); Motion for Remand for Consolidation of Two Applications ("Consolidation Motion") (Docket No. 10). On January 12, 2006 I held a telephonic conference of counsel during which, *inter alia*, I granted the motion to augment the record, and counsel agreed "that the granting of any one of Docket Nos. 6, 9 or 10 would effectively moot the other two in that group of three[.]" Report of Conference. In a decision dated February 25, 2006 I recommended that the Appeals Council Motion be granted, noting that this had the effect of mooting the Sentence Six and Consolidation motions, removing the case from the court's oral-argument calendar and obviating the need to consider points raised in the Statement of Errors. Recommended Decision on Plaintiff's Motions for Remand ("Remand Decision") (Docket No. 23) at 1-2. My recommended decision was adopted, over objection by the commissioner, on

February 6, 2006.  *See* Docket Nos. 24, 27.  The commissioner now protests award of fees for 6.5 hours spent on the Sentence Six Motion, 5.7 hours spent on the Consolidation Motion, 31.7 hours spent on the Statement of Errors, and 13.5 hours spent on a combination of the motions, Statement of Errors and Fact Sheet on the ground that the Statement of Errors, Sentence Six Motion and Consolidation Motion ultimately were both unsuccessful and unrelated (at least, insofar as legal theory is concerned) to the winning Appeals Council Motion.  *See* Fee Opposition at 4-6 & n.2.

As the Supreme Court has made clear, work on an unsuccessful claim that is unrelated (as a legal and factual matter) to a prevailing claim "cannot be deemed to have been expended in pursuit of the ultimate result achieved."  *Hensley*, 461 U.S. at 434-35 (citation and internal quotation marks omitted).  In addition, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."  *Id*. at 436.  On the other hand:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.

*Id*. at 435 (citation and footnote omitted).

The plaintiff in this case obtained excellent results via one of four alternative vehicles for her desired outcome.  Her three motions for remand and her Statement of Errors all sought the same relief, principally consisting of remand to the agency for further proceedings before a different administrative law judge on account of alleged bias on the part of the administrative law judge who presided at her initial hearing.  *See* [Proposed] Order of a Sentence Six Remand, attached to Sentence Six Motion;

6

[Proposed] Order of Remand for Appeals Council Errors of Law, attached to Appeals Council Motion; [Proposed] Order of Remand for Consolidation of Two Applications, attached to Consolidation Motion; Statement of Errors at 23. The court granted the Appeals Council Motion, ordering remand for rehearing, which it suggested (but stopped short of ordering) be held before a different administrative law judge. *See* Remand Decision at 6. Following remand and rehearing, which was indeed held before a different administrative law judge, the plaintiff received a fully favorable decision. *See* Motion for a Final Judgment, etc. (Docket No. 32). The commissioner does not suggest, nor do I discern, that the Sentence Six Motion, the Consolidation Motion or the Statement of Errors were frivolous or filed in bad faith. *See* Fee Opposition at 4-6. Indeed, as the plaintiff points out, she was required to file the Statement of Errors. *See* Fee Reply at 1; Loc. R. 16.3(a)(2)(A).[3] These are precisely the kinds of circumstances in which a plaintiff "should recover a fully compensatory fee" encompassing "all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435; *see also, e.g., Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992) ("In this case, we are unmoved by appellants' conclusory allegation that a large portion of the fee award was undeserved because many of the compensated hours were actually expended on claims unrelated to the claims on which plaintiff succeeded. . . . Lipsett's stunning victory and the series of minor setbacks suffered en route to that victory arose out of a single series of events. It is beyond question that the end result represented a pronounced legal and pecuniary triumph for her. In the process, she prevailed on her most significant claims."). The commissioner's bid to withhold payment of so much as a dime for

---

[3] Further, although the commissioner now takes the position that the non-prevailing motions for remand turned on legal theories unrelated to that of the winning motion, *see* Fee Opposition at 5 n.2, she was satisfied in opposing the Sentence Six and Appeals Council motions to file a joint response to both, *see* Report of Conference. Without doubt, the three motions for remand and the Statement of Errors are interrelated. All four pertained to the question whether, during a certain period of time, the plaintiff was disabled and thus entitled to SSD benefits. The three motions for remand all turned on the failure of the initial administrative law judge, and later the Appeals Council, to reconsider the plaintiff's SSD eligibility on the basis of new evidence proffered post-hearing. *See* Sentence Six Motion; Appeals Council Motion; Consolidation Motion. The Statement of Errors reiterated those points and added others. *See generally* Statement of Errors.

work performed on the Sentence Six Motion, Consolidation Motion and Statement of Errors is, in the circumstances of this case, misdirected and should be rebuffed. Of course, a separate question remains whether all hours claimed were "reasonably expended on this litigation[.]" *Hensley*, 461 U.S. at 435. That question is addressed below.[4]

    4. <u>Entries of November 11-December 23, 2005 (totaling 0.8 hour)</u>. *See* Invoice at [2]. The commissioner objects to any fee award for the 0.8 hour expended during this time frame reviewing the file, sending letters to the client and calling the Clerk's Office, asserting that "[t]hese tasks are excessive, as they bear little, if any, relation to the actual prosecution of plaintiff's case." Fee Opposition at 6. In any event, she complains, the entries do not reflect the subject of conversation with the Clerk's Office, precluding meaningful review of their reasonableness. *See id*. at 6-7. The commissioner's initial premise – that client communications, calls to the Clerk's Office and review of the file bear little, if any, relation to prosecution of a Social Security case – is patently without merit. An attorney must from time to time do all of those things to further a claimant's cause. Unsurprisingly, courts have deemed such activities compensable pursuant to the EAJA and other fee-shifting statutes. *See, e.g., Federation of Fly Fishers v. Daley*, 200 F.Supp.2d 1181, 1190 (N.D. Cal.), *amended on other grounds*, 2002 WL 1808746 (N.D. Cal. 2002) ("Having reviewed the materials supplied, the Court finds that reduction of certain hours is warranted because they are excessive; those areas are discussed below. In all areas not discussed below, however, the Court is satisfied that the hours billed are reasonable as stated, and notes that defendants did not object to the number of hours spent on any of these tasks. These areas include consultation with clients, co-counsel, and assistants; communications with opposing counsel and the court; legal and factual research; preparation of the

---

[4] The commissioner alternatively challenges 2.5 hours claimed for October 28, 2005 and 1.7 hours claimed for October 31, 2005 for reading caselaw at Cleaves Law Library on the ground that the EAJA does not exist to pay attorneys for on-the-job training in the fundamentals of Social Security law. *See* Fee Opposition at 6 n.3. I take these hours into consideration below in the context of (*continued on next page*)

complaint; briefing concerning specific motions; and miscellaneous other tasks."); *Winters ex rel. Winters v. Secretary of Dep't of Health & Human Servs.*, No. 91-4, 1993 WL 114646, at *1 (Fed. Cl. Apr. 1, 1993) ("The court finds that without doubt counsel is obliged to keep informed of all matters bearing on its case, including reading court Orders. Counsel must also communicate with the client. These are compensable activities.").

That said, the commissioner is correct that vagueness of time entries, precluding meaningful review for reasonableness, is a proper basis on which to deny a fee award. *See, e.g., Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1118 (1st Cir. 1993) (district court did not abuse discretion in discounting fee award in part on basis that many time-sheet entries were extremely vague, making it virtually impossible to determine whether requested hours were excessive, redundant or otherwise unnecessary). The invoice does not make clear, nor does the plaintiff otherwise clarify in her reply brief, why her counsel phoned the Clerk's Office. Hence, I recommend deduction of 0.3 hour for phone calls to that office on November 15, December 21 and December 23, 2005.

5. <u>Entries of January 5 and January 10-11, 2006 (totaling 8.3 hours)</u>. *See* Invoice at [2]. The commissioner challenges payment for 0.3 hour spent rereading a case on January 5, 2006 and eight hours devoted to a re-review of caselaw, regulations and the file in preparation for the January 12, 2006 teleconference with counsel. *See* Fee Opposition at 7. The plaintiff rejoins that (i) review of caselaw and the file was warranted inasmuch as her counsel did not know the subject of the teleconference and therefore had to be prepared to argue her case on its merits, and (ii) her counsel needed to devote some time to making arrangements for the teleconference. *See* Fee Reply at 8. Once again, the commissioner overreaches in suggesting that none of plaintiff's counsel's preparation time for the teleconference should be compensable: A prudent attorney certainly would re-review the file

---

addressing the reasonableness of the time invested in this litigation.

9

and relevant caselaw before participating in a telephone conference with a judge during which the merits of the client's case might be discussed. That said, I do find the amount of time devoted to this enterprise excessive. Review of materials and caselaw with which counsel already was familiar should not have consumed more than four hours' time. In an exercise of billing judgment, plaintiff's counsel should have excised time spent making arrangements for the teleconference (a clerical exercise) and excessive time spent in preparation. Thus, I recommend that 4.3 of the total hours billed on the above dates be disallowed.

      6.     <u>Entries of January 12- February 2, 2006 (total of 3.9 hours spent leaving messages, making phone calls), February 7-May 19, 2006 (total of 8.4 hours spent doing same), June 6-27, 2006 (total of 1.6 hours doing same), July 5-11, 2006 (total of 0.6 hour doing same)</u>. *See* Invoice at [2]-[4]. The commissioner challenges the foregoing entries for 2006 to the extent they reflect time spent leaving messages for, or engaging in phone calls with, the plaintiff's husband, the commissioner's counsel, the Office of Disability Adjudication and Review ("ODAR") and the Clerk's Office on the ground that they are "vague and excessive," unaccompanied by any explanation that would assist the commissioner or the court in assessing their reasonableness. *See* Fee Opposition at 7-8. In response, the plaintiff supplies detailed explanations for most of the challenged calls and messages, agrees to reduce her fee request by 0.1 hour for work performed on January 14, 2006 and 0.9 hour for work performed on January 30, 2006, and seeks to increase her fee request by 0.1 hour for work performed on January 31, 2006 that was inadvertently omitted from the Invoice. *See* Fee Reply at 8-14.

Although the plaintiff's requested fee increase is *de minimis*, as a matter of principle she cannot, for the first time in a reply memorandum, seek additional fees. *See, e.g., In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n.5 (D. Me. 1991) (court generally will not address an argument advanced for the first time in a reply memorandum). I accordingly recommend that this request be

denied. I am otherwise satisfied that the challenged communications, as adjusted by the plaintiff to redact a total of 1.0 hour, were reasonably undertaken and not excessive in duration, save for the following entries for which the plaintiff failed to supply any explanation: 0.5 hour for a phone call on January 25, 2006 with Dave Brennan, 0.1 hour for a message for and phone call on May 4, 2006 with Brenda of ODAR, and 0.1 hour for a phone call on May 15, 2006 with Lisa Dow of ODAR. *See* Invoice at [3]-[4], Fee Reply at 9, 12-13. The plaintiff also neglected to explain a May 17, 2006 phone call with Dave Brennan, a May 19 phone call with Lisa Dow of ODAR and a May 19 message for Brenda of ODAR. *See* Invoice at [4]; Fee Reply at 13. The latter entries contain multiple items; however, I will attribute 0.1 hour to each of the items for which an explanation was not provided, for an additional reduction of 0.3 hour. The total recommended reduction for this grouping of items thus is 2.0 hours, consisting of the 1.0 hour forfeited by the plaintiff and 1.0 hour expunged for lack of an explanation in the face of the commissioner's challenge, as a result of which the plaintiff failed to carry her burden to prove the reasonableness of those time expenditures.

7. <u>Entries of June 1-2, 2006 (totaling 4.0 hours)</u>. *See* Invoice at [4]. The commissioner next challenges award at a full attorney billing rate for four hours spent on June 1-2, 2006 engaged in non-attorney tasks: trips to the ODAR to review and copy claims folders. *See* Fee Opposition at 8. As the commissioner points out, *see id*., the First Circuit has held that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them[,]" *Lipsett*, 975 F.2d at 940. The commissioner seeks an approximately forty percent reduction in the rate charged for those activities (reducing the rate from $160.25 to $95.15), resulting in a total reduction of $260.40. *See* Fee Opposition at 8; *see also Lipsett*, 975 F.2d at 939-40 (approving reduction of forty percent from attorney billing rate for work performed by paralegals). The plaintiff rejoins that these hours should be compensated at the full attorney rate inasmuch as, *inter alia*, the claims folders were in a state of

11

chaos at ODAR and organizing them into a coherent, usable condition required the judgment of her counsel. *See* Fee Reply at 15. While the plaintiff's counsel may have preferred to undertake this project himself, I agree with the commissioner that the work could have been performed by a paralegal. I therefore recommend that the four hours in question be compensated at a rate of $95.15 per hour.

### B. Reasonableness of Total Hours Devoted to Litigation

As the First Circuit has observed, "[i]n determining how many hours were reasonable, the court must review the work to see whether counsel substantially exceeded the bounds of reasonable effort and disallow hours that were duplicative, unproductive, excessive, or otherwise unnecessary. *In re Spillane*, 884 F.2d 642, 647 (1st Cir. 1989) (citations and internal quotation marks omitted). In my view, plaintiff's counsel substantially exceeded the bounds of reasonable effort in preparing the motions and Statement of Errors filed in this court. His record review, research, drafting, proofreading and filing of those documents accounts for a substantial share of the total fee award sought ($10,646.04 for 67.9 hours of attorney work billed at $156.79 per hour). *See* Invoice at [1]-[2]. These hours break down as follows: 5.5 hours reviewing the official record filed in this case and making notes, 4.2 hours performing research at Cleaves Law Library, 13.0 hours drafting the four motions, an additional 4.5 hours drafting one of the motions plus a fact sheet, 31.7 hours drafting the Statement of Errors and 9.0 hours proofreading and filing the motions and Statement of Errors. *See id.* For several reasons, the total number of hours devoted to these tasks is excessive, *to wit*:

1. There is a great deal of overlap between the three motions for remand (particularly their attached memoranda of law and proposed orders) and the Statement of Errors. *See generally* Statement of Errors, Sentence Six Motion, Appeals Council Motion, Consolidation Motion & attachments thereto. Plaintiff's counsel could have and should have consolidated the three motions

for remand into a unified motion predicated on three alternate legal theories, all aimed at securing identical relief. Moreover, plaintiff's counsel needlessly incorporated and reiterated points made in the motions for remand in the Statement of Errors, which should have been confined to errors alleged to have been made by the administrative law judge. *See generally* Statement of Errors.

   2. From all that appears, neither the four motions nor the Statement of Errors required significant legal research. The motions for remand turn primarily on a case well-known to the Social Security bar, *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001). *See generally* Sentence Six Motion; Appeals Council Motion; Consolidation Motion & attachments thereto. The Statement of Errors, insofar as it discussed alleged errors made by the administrative law judge, asserted primarily garden-variety claims, such as failure to (i) develop the record, (ii) follow applicable Social Security Rulings, (iii) assess pain properly and (iv) follow the so-called treating-physician rule. *See generally* Statement of Errors.

   3. As plaintiff's counsel himself indicated within the Statement of Errors, he had previously briefed one of his lengthier points, "Medical Merits of Disability," to the Appeals Council and was simply rehashing it (assertedly in shortened form) in the Statement of Errors. *See id*. at 17.

   While there can be no doubt of the earnestness and strenuousness with which plaintiff's counsel pursued his client's case, he did far more than was reasonable, prudent or necessary and seeks considerably more in compensation via the EAJA than a reasonable attorney, exercising billing judgment, would have charged a private client, even taking into consideration the excellent results achieved. In my view, plaintiff's counsel expended at least twice as much time as was reasonably necessary to advance the points made via his motions and Statement of Errors. Therefore, I recommend that the plaintiff's request for compensation for those services be halved, and that she be awarded $5,315.18 for a total of 33.9 hours expended in those efforts.

To summarize, I recommend that the court (i) decline to award fees for 34.2 hours billed in 2005 (totaling $5,362.22)[5] and 6.3 hours billed in 2006 (totaling $1,009.58) and (ii) reduce the award by an additional $260.40 for work performed in 2006 at a paralegal level but billed at an attorney rate.  If this recommended decision is adopted, the plaintiff will be awarded a total of $16,515.98, a reduction of $6,632.20 from the requested fee and expense award of $23,148.18.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of February, 2007.

               /s/ David M. Cohen
               David M. Cohen
               United States Magistrate Judge

---

[5] This figure is the sum of the $5,315.18 I recommended be deducted for 33.9 hours expended preparing the motions for remand and statement of errors in 2005, plus $47.04 for 0.3 hour expended making phone calls to the Clerk's Office in November and December 2005, which I recommended be deducted because the purpose of those calls was not explained despite the commissioner's challenge to payout of compensation for them.